Filed 10/25/22 P. v. Rose CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TRAYVON KEITHDION ROSE,<br><br>Defendant and Appellant. | C095918<br><br>(Super. Ct. No. 21FE001253) |

Appointed counsel for defendant Trayvon Keithdion Rose has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

BACKGROUND

T.S. received an invitation through a dating app to meet and smoke marijuana, so he drove to the address provided. When T.S. arrived and exited his car, defendant approached, pointed a handgun at T.S., and told T.S. to give defendant his belongings or defendant would kill him. After T.S. handed defendant his backpack and wallet,

1

defendant found a debit card, but no money in the wallet. Defendant ordered T.S. to get back into the car, got into the seat behind T.S., pointed the handgun at T.S.'s head, and ordered T.S. to drive to a bank to use the debit card.

At the bank, defendant demanded the personal identification number for T.S.'s debit card and withdrew money from T.S.'s account. Defendant then got back in the car and ordered T.S. to return him to the original meeting place. When they arrived, defendant got out and walked off with T.S.'s belongings.

The prosecution charged defendant with robbery (Pen. Code, § 211),[1] kidnapping (§ 207, subd. (a)), and kidnapping to commit robbery (§ 209, subd. (b)(1)). The prosecution also alleged that defendant used a firearm in the commission of each of the three offenses (§ 12022.53, subd. (b)).

Defendant agreed to plead no contest to kidnapping with a stipulated sentence of 15 years in state prison—the middle term of five years for kidnapping plus 10 years for the firearm enhancement (§§ 208, subd. (a), 12022.53, subd. (b)). In exchange, the prosecution agreed to dismiss the robbery charge and attached firearm enhancement, for which the maximum sentence would have been 15 years, including the enhancement (§§ 213, subd. (a)(2), 12022.53, subd. (b)), and the kidnapping for robbery charge, for which the required sentence would have been 17 years to life in prison, including the enhancement (§§ 209, subd. (b)(1), 12022.53, subd. (b), 669, subd. (a), 3046, subd. (a)(1)). Defendant also agreed the trial court could use the preliminary hearing transcript as a factual basis for his plea.

At sentencing, defendant asked the trial court to strike the 10-year firearm enhancement. The trial court acknowledged its discretion to strike the enhancement but declined to do so because it was a stipulated sentence and the prosecution had dismissed

---

[1] Undesignated statutory references are to the Penal Code.

2

a charge that could have resulted in a sentence of 17 years to life in prison in return for the stipulated 15-year sentence; it would not be fair to modify that deal after the fact. The trial court imposed the minimum $300 restitution fine, imposed and stayed an identical parole revocation fine, and waived the mandatory court operations and conviction fees.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Defendant's counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant's counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief, but defendant has not done so. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

      /s/      
EARL, J.

We concur:


    /s/    
DUARTE, Acting P. J.


    /s/    
RENNER, J.

3